**RESISTANCE, an unincorporated association and Anthony L. Avirgan, Judith Chomsky, Robert Green, individuals and as Staff of Resistance on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**The COMMISSIONERS OF FAIRMOUNT PARK, an agency of the CITY OF PHILADELPHIA, PENNSYLVANIA, Defendants.**

Civ. A. No. 69–819.

United States District Court
E. D. Pennsylvania.

April 25, 1969.

**962**

James M. Carter, Philadelphia, Pa., for plaintiffs.

Albert J. Persichetti, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## OPINION

KRAFT, District Judge.

This is a civil rights action in which plaintiffs seek injunctive relief to require the defendant Commissioners to issue a permit to plaintiffs to enable them to conduct an "anti-war" rally on May 1, 1969, on John F. Kennedy Plaza between the hours of 4:00 P.M. and 7:00 P.M.[1]

The permit, initially applied for on February 20, 1969, was granted by the Commission on March 12, 1969. It was later revoked by the Commission after a hearing held on April 21, 1969. The reasons advanced for the denial of the permit were that: (1) traffic would be snarled and disorder would result from the rally held between 4:00 P.M. and 7:00 P.M. at the peak of the rush hour in that area of the city which embraces a concentration of public transportation centers and heavily traveled streets; and (2) the object of the rally is to cause persons unlawfully to "turn in" their draft cards, as an expression of such persons' disagreement with the prevailing foreign policy of the United States concerning the conduct of the Vietnam War.

The issue framed for our decision is whether the policies and regulations of the Commission, as applied to plaintiffs, "deny or unwarrantedly abridge the right of assembly and the opportunities for the communication of thought and the discussion of public questions immemorially associated with resort to public places." Cox v. State of New Hampshire, 312 U.S. 569, 574, 61 S.Ct. 762, 765, 85 L.Ed. 1049 (1941).

After hearing and upon careful consideration of the prevailing law, we conclude that the right of political expression, no matter how unpopular, is superior to the right of the Commission to deny the use of John F. Kennedy Plaza to the plaintiffs for expression of their views.

At the hearing before this Court, the Director of the Fairmount Park Commission testified that the Plaza was not designed for political rallies. Exhibit 4,[2] however, attached to plaintiffs' complaint disclosed that on September 9, 1968 "Citizens For Humphrey" conducted a political rally from 11:30 A.M. to 1:30 P.M., which was attended by 5,000 to 7,000 persons.

The portion of the Plaza requested for the proposed rally is "L" shaped in design and contains about 20,000 square feet. It is elevated from the surrounding public sidewalks which are more than 12 feet wide. The Plaza is a public

---

1. The hours requested for the proposed rally were so amended at the hearing on April 22, 1969.

2. Admitted by defendants to be correct.

square, centrally located in the heart of the metropolitan area, and is well suited to the communication of political views. While the right of free expression cannot be denied, it may be restricted by reasonable regulations, designed to serve the legitimate interests of the general public.

■ The anticipated obstruction of traffic, littering of the Plaza and possible damage to trees, shrubs and lamps will not support an *absolute prohibition* of political rallies on the premises. Wolin v. Port of New York Authority, 392 F. 2d 83, 91 (2 Cir.1968) cert. denied 393 U.S. 940, 89 S.Ct. 290, 21 L.Ed.2d 275 (1968).

■ The fact that some misguided participants or spectators at the rally may "turn in" their draft cards, as symbolic of their disapproval of the Vietnam War, does not justify the denial of the right of citizens to express views which *may* provoke such conduct. Any individual who, by his voluntary act, surrenders his draft card, can be effectively prosecuted under existing federal law. That potential provocation may result from heated debate is not a valid reason to preclude discussion. Wolin v. Port of New York Authority, id. 92.

■ The right of free speech, though sacred to our ordered sense of liberty, is not unrestricted. The rights of free speech and assembly "do not mean that everyone with opinions or beliefs to express may address a group at *any* public place and at *any* time." Cox v. Louisiana, 379 U.S. 536, 554, 85 S.Ct. 453, 464, 13 L.Ed.2d 471; Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 89 S.Ct. 733, 22 L.Ed.2d 731 (1969) (dissenting opinion of Mr. Justice Black). (emphasis supplied).

While we think it would be more desirable to remand this proceeding to the Commission to draft appropriate regulations to govern the conduct of the proposed rally, the record discloses that the Commission has been unduly dilatory in dealing with this matter. Prior to the present application for a permit, the Director of the Commission, as a general rule, issued the permits as an administrative practice. Only when he felt that a "policy" decision was involved, did he refer a permit request to the full Commission.

■ Regulation 10 of the Commission's "Personal Regulations",[3] invests the Commission with the complete and unrestricted power to deny a permit "for * * *." No ascertainable standards are a meeting for an unlawful purpose set forth to render the term "unlawful" capable of objective and even-handed regulation. Application of the present standard appears to depend essentially on the subjective feelings of the respective members of the Commission. Clearly, this regulation as applied in this case is unconstitutional.

" 'It is settled by a long line of recent decisions of this Court that an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official— is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms.' " Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 89 S.Ct. 935, 938, 22 L.Ed.2d 162 (March 11, 1969).

3. "10. No meetings of more than ten (10) persons shall be conducted without a permit from the Commission. Such permit must be applied for in writing setting forth the date, time, duration, place and purpose of the meeting, the expected attendance, and what, if any, sound facilities are to be used. No permit will be issued for a meeting for an unlawful purpose or if it appears that the conduct of the meeting may reasonably be expected to deprive the public of the reasonable use and enjoyment of the Park, or interfere with the public's right of free passage in the Park, or where a reservation has already been made for meeting for the same date, time and place, or if it appears that the meeting would extend beyond the closing hours of the Park."

Accordingly, because such a short time remains until the date of the rally, we will direct that the following guidelines shall prevail for the conduct of *this rally* on the Plaza:

1. The rally shall be held between the hours of 2:00 P.M. and 5:00 P.M. on May 1, 1969.

2. The total number of spectators shall be limited to 1,000 persons.[4]

3. The plaintiffs and their fellow-organizers of the rally shall cooperate with the police and instruct all persons attending the rally not to engage in violent demonstrations during or after the rally. Immediately upon completion of the meeting all persons shall be directed to disperse in an orderly fashion along routes designated by the police officials for appropriate egress.

Non-compliance with these regulations by any of the parties to this litigation shall be considered a violation of the order of this Court and render such persons subject to prosecution for contempt of court.

The Commission may adopt additional reasonable regulations governing this rally consistent with this opinion and order.

As the foregoing opinion indicates, we have concluded that the Commission's refusal of the requested permit subjects the petitioners to irreparable harm in the denial of their constitutional rights to free speech and assembly. In the exercise of our equitable powers, we enter the following

### ORDER

Now, this 25th day of April, 1969, it is ordered that the motion of the plaintiffs for a preliminary injunction be, and it is, granted and that defendants shall issue a permit to the plaintiffs for the proposed rally to be held at John F. Kennedy Plaza on May 1, 1969, between the hours of 2:00 P.M. and 5:00 P.M., limited to 1,000 persons and subject to the regulations set forth in our opinion and such additional reasonable regula-

tions as the Commission may meanwhile adopt consistent with this opinion and order.

The foregoing opinion constitutes the Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52 (a).

---

4. This figure represents the plaintiffs' estimate of the anticipated attendance at the rally.